[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16226
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00112-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN T. BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 9, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On December 17, 1992, appellant, having been found guilty by a jury on two

counts of a three-count indictment, i.e., aggravated sexual assault and entering a dwelling with intent to commit aggravated sexual abuse, was sentenced to concurrent prison terms of 168 months and a five-year term of supervised release. In June 2007, while on supervised release, his probation officer petitioned the court to revoke his release on five grounds. He admitted the grounds, and the district court sentenced him to prison for twelve months, followed by two years of supervised release.

In August 2008, appellant having served his prison term, the probation officer again petitioned the court to revoke supervised release, citing two violations: appellant left the judicial district and committed the offenses of felony shoplifting and possession of a firearm by a convicted felon. The district court revoked the supervised release and determined that the Guidelines sentence range called for a prison term of eight to fourteen months. Due to appellant's continued failure to abide by the terms of supervised release and to protect the public, the court concluded that such sentence range was inadequate and sentenced appellant to a prison term of forty-eight months. He now appeals the sentence.

Appellant contends that the sentence is unreasonable in light of the sentencing factors of 18 U.S.C. § 3553(a), that it was greater than necessary to achieve the § 3553(a) objectives. He also contends that a lower sentence would

2

suffice to protect the public and that the sentence he received should be reserved for the most serious conduct.

Section 3583(e)(3) of Title 19 provides that a district court may impose a sentence of imprisonment for a violation of supervised release after considering the factors set forth in § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C.§ 3583(e)(3). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . [treatment] . . . ; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Appellant does not challenge the procedural reasonableness of his sentence, and his argument that his sentence is not reasonable is meritless. The district court carefully considered each of the § 3553(a) factors, and concluded that the need for a sentence to protect the public was paramount. In

3

light of appellant's inability to obey the law while on supervised release, we cannot quarrel with the court's decision regarding that need.

AFFIRMED.